UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL BENJAMIN BACH,

    Petitioner,

v.

JEFFREY A. UTTECHT et al.,

    Respondents.

CASE NO. C19-5481 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 15, and Petitioner's objections to the R&R, Dkt. 16.

On May 23, 2019, Petitioner filed a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1.[1] Petitioner challenges his incarceration under a Pierce County Superior Court judgement convicting him of two counts of rape of a child in the first degree. Dkt. 7 (petition for writ of habeas corpus). Petitioner raises four

---

[1] Petitioner initially brought this action in the Eastern District of Washington, but the file was transferred to this District. *See* Dkt. 3; *see also* 28 U.S.C. § 2241(d) (petition for federal habeas relief must be brought in the district where the conviction arose).

grounds for relief in his petition, all of which are premised on the allegation that his conviction violated his rights under the Fifth Amendment because he was charged by information, rather than by an indictment issued by a grand jury. *Id.*

On June 20, 2019, Judge Fricke issued an order requiring Petitioner to show cause by July 19, 2019 why his petition should not be dismissed for failure to exhaust state judicial remedies. Dkt. 9 (citing Rule 4 of the Rules Governing Section 2254 Petitions). Petitioner admits he has brought no appeals or collateral attack in state court. Dkt. 7 at 3, 4; *see also* Dkt. 9 at 1 n.1.

On June 21, 2019, Petitioner responded to the show cause order by filing a motion to show cause, Dkt. 12, and a motion for petitioner initiated summary judgment, Dkt. 13. On December 29, 2019, Petitioner filed a motion to amend case caption. Dkt. 14. On February 3, 2020, Judge Fricke issued the R&R recommending dismissal of the petition for failure to exhaust state judicial remedies. Dkt. 15.

On February 9, 2020, Petitioner filed objections to the R&R. Dkt. 16.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

First, Petitioner contests the well-settled and binding rule requiring him to exhaust his state court remedies before seeking relief in federal court. Dkt. 16 at 1–4; *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for

habeas corpus."); 28 U.S.C. § 2254(b)(1) (a district court "shall not" grant an application for a writ of habeas corpus unless the prisoner has first "exhausted the remedies available" in state court.).

Petitioner contends that the federal court has original jurisdiction over his petition pursuant to 28 U.S.C. § 1343,[2] which requires the court to hear the petition before its claims are considered and thereby exhausted in state court. Dkt. 16 at 1–4. Petitioner, however, readily acknowledges that he filed a "Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254." Dkt. 16 at 1; *see also* Dkt. 7. Consequently, Petitioner fails to persuade the Court that the state exhaustion requirement does not apply in his case.

The Court may consider an unexhausted federal habeas petition if there is an absence of state corrective process or where state corrective process would be rendered ineffective. 28 U.S.C. § 2254(b)(1)(B). Petitioner, however, fails to meet this standard. Instead, he simply restates his assertion that Washington State has abridged his rights under the Fifth Amendment and concludes that this alleged violation would make exhaustion in state courts futile. Therefore, the Court agrees with Judge Fricke that Petitioner has failed to fully exhaust his state judicial remedies and this Court must dismiss his petition without prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (court must dismiss habeas petition if claims are unexhausted).

---

[2] 28 U.S.C. § 1343 confers original jurisdiction on the district court to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . . ." 28 U.S.C. § 1343.

Second, Petitioner argues that his procedural default in the state courts is excused by cause and prejudice sufficient to overcome the bar on federal court review of his claims. *Id.* at 3–16. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice'. . . ." *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The Court concludes that Petitioner has not shown cause and prejudice excusing his failure to present his claims to the state court such that federal review is proper. Therefore, his objection to the R&R on this basis is denied.

Third, Petitioner continues to argue that state courts lack jurisdiction to adjudicate his claim that the manner in which he was charged violates his constitutional right to indictment by a grand jury. Dkt. 16 at 8–34. Section 2254, however, recognizes the jurisdiction of state courts to adjudicate federal constitutional matters. 28 U.S.C. § 2254(d)(1). Regardless, Petitioner's claim fails on the merits because the Supreme Court has affirmed since 1886 that a state prosecutor does not violate the Due Process Clause of the Fourteenth Amendment by bringing charges based on a criminal information as opposed to an indictment issued by a grand jury. *Hurtado v. People of State of California*, 110 U.S. 516 (1886).

Finally, Petitioner's assertion that he has a right to indictment by grand jury as a state prisoner that stems from the Privileges and Immunities Clause of the Fourteenth Amendment rather than the Due Process Clause of the Fourteenth Amendment, *see* Dkt. 16 at 6, does nothing to alter the Court's conclusion that he has failed to exhaust the

claims raised in his federal habeas petition. Said another way, whether Petitioner brings his claim of a constitutional violation under the Due Process Clause or the Privileges and Immunities Clause is irrelevant to whether the claim has been exhausted. Consequently, Petitioner's objection on this basis is also denied.

Petitioner lodges numerous other objections that are meritless.

Therefore, the Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Petitioner's federal habeas petition, Dkt. 7, is **DISMISSED without prejudice**;

(3) Petitioner's other motions, Dkts. 12, 13, 14, are **DENIED as moot**;

(4) A Certificate of Appealability is **DENIED**; and

(5) The Clerk shall enter **JUDGMENT** and close the case.

Dated this 3rd day of March, 2020.

BENJAMIN H. SETTLE
United States District Judge